Brad C. Smith, No. 6656
David B. Stevenson, No. 12244
STEVENSON & SMITH, P.C.
3986 Washington Boulevard
Ogden, UT 84401
Telephone: (801) 394-4573
Facsimile: (801) 399-9954

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES SMITH, REAL ESTATE INVESTMENT SUPPORT, LLC, a Utah Limited Liability Company, THE COACHING COMPANY, LLC, a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>ELIZABETH ARDEN, a California Corporation d/b/a/ Complaintsboard.com,; KHANSAMA PUBLICATIONS, Inc., a New York corporation d/b/a Artvoice.com; AUTOMATTIC a California Corporation d/b/a Xenophilius.wordpress.com,; and DOES 1-10, individuals,<br><br>Defendants. | **COMPLAINT**<br><br>Civil No. _____<br><br>Judge _____<br><br>**JURY DEMANDED**<br><br>[FILED ELECTRONICALLY] |

COMES NOW Plaintiff, by and through the undersigned counsel, and hereby complains of Defendants as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff James Smith is a resident of the State of Florida, Seminole County, and has a secondary residence in Utah.

2. James Smith is an owner of The Coaching Company, LLC, (hereinafter "The Coaching Co.") a Utah limited liability company.

3. James Smith is an owner of Real Estate Investment Support, LLC, (hereinafter "REIS") a Utah limited liability company.

4. Defendant Khansama, d/b/a artvoice.com (hereinafter "Artvoice") is a New York corporation.

5. Through the website known as artvoicedaily.com, Artvoice published defamatory statements about Plaintiff James Smith and his entities, thereby causing tortious injury.

6. Defendant Elizabeth Arden, d/b/a complaintsboard.com (hereinafter "Complaintsboard) is a resident of the State of California, and the owner or controlling member of Complaintsboard.

7. The website known as complaintsboard.com is published worldwide via the internet.  Through the website known as complaintsboard.com, Complaintsboard has published defamatory information about Plaintiff and his entities, thereby causing tortious injury.

8. Defendant Automattic, d/b/a Wordpress, d/b/a Xenophilia (hereinafter "Xenophilia") is a California corporation doing business worldwide via the internet.

9. Defendant Xenophilia runs a website known as Wordpress.  Wordpress provides free blog hosting for its users.  One such user is the Xenophilia blog located at xenophilius.wordpress.com.

10. Jurisdiction is proper in the above-entitled court pursuant to 28 U.S.C. §§ 1331 and 1332.

11. Venue is proper in the above-entitled court pursuant to 28 U.S.C. § 1391 (b) and (c).

## MATERIAL FACTS

12. Plaintiff James Smith is a real estate and financial success speaker.

13. Plaintiff, Coaching Co. and REIS provide real estate investment advice via seminars, products, and other programs.

14. Plaintiff has been a featured speaker on the popular Get Motivated seminar series.

15. Plaintiff's reputation is vital to his business interests.

16. Beginning in early 2010 defamatory and slanderous comments and posts about James Smith were made to blogs at Complaintsboard.com, Arvoice.com and Wordpress.xenophilia.com causing Plaintiff James Smith tortious injury.

17. At least one unknown Doe has illegally obtained information from Plaintiff James Smith's cell phone and/or computer and/or by intercepting text and/or phone messages.   Said Doe also tracked Plaintiff's location using digital GPS or other confidential and private information.

18. Said Doe published text messages and confidential and private information about the Plaintiff's and his schedule on Defendants' websites.   Defendants indexed and/or edited the comments.

19. In addition, said Doe published false and defamatory information about James Smith, alleging his involvement in extramarital affairs with public figures and

escorts, and that he and his entities are dishonest, deceitful, untrustworthy, and who fleece investors.

20. Plaintiffs, through counsel and through his entities, notified the websites of the slanderous information and requested that the blogs be pulled, and that the identity, contact information and IP address of the person(s) registered with the blog and responsible for the posts be revealed.  Despite repeated demands, the posts were not fully removed.

21. At the request of one blog editor Plaintiffs provided an affidavit and/or declaration under penalty of perjury that the information in the blogs was untrue.

22. In August 2010 Plaintiffs sent a draft complaint to the editors of the three websites demanding that the posts be removed and that the identity of the bloggers be revealed.  Upon information and belief, by late August 2010 Artvoice.com and Wordpress.xenophilia.com removed the offending posts.  Complaintsboard.com continues to have offending posts, including new posts on prior threads.

23. Neither Complaintsboard.com, Arvoice.com or Wordpress.xenophilia.com has revealed the contact information and identity of the bloggers, despite the fact that such information is not protected when the bloggers use the blog for illegible purposes.  In addition, two of the blogs have confirmed that the registration information for one or more Doe blogger is false and that one or more of the persons who signed up on these websites used multiple fictitious names to make these posts.

24. Both of these circumstances violate the conditions and terms of use employed by the blogs.

25. Defendants have committed tortious wrongs through their respective websites.

### Artvoice Daily

26. Defendant Artvoice publishes the Artvoice Daily blog (hereinafter "Artvoice") online.

27. On or about 19 August 2009, Artvoice posted a local interest story written by an Artvoice correspondent.

28. On or about 18 February 2010, a user posted a defamatory comment in response to the local interest story. The user referred to a Kari Michaelson as the "mistress" of James Smith.

29. On or about 12 March 2010 another user posted a comment to the same story, stating he was "surprised that James Smith has Kari Michaelson for a mistress."

30. On or about 29 March 2010 a third user posted a comment asserting that James Smith hired Kari Michaelson in order to facilitate his ongoing extramarital affair with her.

31. On or about 25 May 2010 a fourth Artvoice user posted a comment alleging that James Smith was carrying on an extramarital affair and had irreparably damaged his marriage.

## Complaintsboard

32. On 13 April 2010 a Complaintsboard user posted a lengthy complaint which included portions of numerous other comments, all asserting that James Smith carried on an extramarital affair with Kari Michaelson.

33. On or about 17 April 2010 a Complaintsboard user alleged that James Smith and Kari Michaelson were in Hawaii together without their respective spouses, and they "looked like any other honeymooning couple."

34. On or about 6 May 2010 a Complaintsboard user posted a complaint insinuating that James Smith stayed with Kari Michaelson at a Fort Lauderdale, Florida, hotel.

35. On or about 20 May 2010 a Complaintsboard user copied and posted to Complaintsboard the 29 March 2010 Artvoice comment.

36. A second complaint posted on or about 20 May suggests that James Smith has carried on extramarital affairs, and therefore has lied about being "happily married." The complaint implies that James Smith is neither trustworthy nor honest.

37. On or about 27 May 2010 another Complaintsboard user posted a complaint calling James Smith a liar and asserting that he is carrying on an extramarital affair with Kari Michaelson.

38. On or about 30 May 2010, Complaintsboard users alleged that James Smith and one Paula White are "in a romantic relationship that is adultery for James Smith. To trust a company that we pay only based on faith since they do not sell a product

but a service, it is very important to have FAITH and TRUST. Both are impossible in light of these facts."

39. On or about 15 June 2010 a Complaintsboard user posted that "Pastor Paula White of Without Walls and James Smith of James Smith Company are in a relationship that has come to public notice" and accused James Smith of immorality.

40. On or about 20 June 2010 another Complaintsboard user referred to James Smith as Paula White's "new boyfriend" and alleged that "[i]f the leader is guilty of all that James Smith has been doing and that people have listed WITH dates places and happenings, then his own company can NEVER be trusted." The user reasserted that James Smith could never be trusted.

41. On or about 21 June 2010, the same Complaintsboard suggested that James Smith was trying to become Paula White's third husband in order to take her congregants' money.

42. On or about 23 June 2010 another Complaintsboard user alleged that James Smith is carrying on at least two extramarital affairs. The user claims that to have James Smith "speak to people is a crime", and he is unfit to conduct business and provide investment advice based on his "problem with sleeping around."

43. On or about 24 June 2010, another Complaintsboard user claims that "James Smith has been sleeping around for years," has had several hundred mistresses, and hires escorts.

44. On or about 24 June 2010, another user referred to James Smith's alleged adultery as "repeated deceitful acts" and claimed "the public believes him and pays him and gets fooled."

45. On or about 25 June 2010, a Complaintsboard user posted what he/she alleges are "texts from James M. Smith's phone to [Kari Michaelson's] phone."

46. On or about 27 June 2010, a Complaintsboard user accused James Smith of carrying on an extramarital affair with Paula White.

47. On or about 27 June 2010, another Complaintsboard user asserted that, that James Smith and Kari Michaelson were "dishonest and cunning" and carrying on an extramarital affair.

48. On or about 4 July 2010, a Complaintsboard user posted a complaint calling James Smith a "snake oil salesman" and alleging that his carrying on extramarital affairs with both Kari Michaelson and Paula White.

49. On or about 7 July 2010, a Complaintsboard user claimed that Paula White and James Smith were "devious", engaged in an extramarital relationship, and "fleecing believers and investors."

50. On or about 8 July 2010, a Complaintsboard user posted a complaint alleging that James Smith is carrying on extramarital affairs with two different women, and lying to his family.

51. On or about 9 July 2010, a Complaintsboard user argued that James Smith was in the Caribbean with a mistress rather than on business, and called James Smith and his employees "scum bags."

52. On or about 12 July 2010, a Complaintsboard user posted information detailing travel itineraries and scheduled flights for James Smith, Kari Michaelson, and Paula White.

53. Upon information and belief, Does 1 through 10 have used a GPS tracking program to track the location of Plaintiff Smith's cellular telephone, to intercept and forward private messages, and to uncover proprietary information related to Plaintiff's business.

54. Complaintsboard users continue to post false, defamatory, and private statements, and Complaintsboard continues to publish and index these statements.

55. The Complaintsboard Terms of Use state that posted messages may be indexed by internet search engines.   *See* http://www.complaintsboard.com/terms-conditions.html.

56. The Terms of Use state that members may not "[d]efame, abuse, harass, stalk, or otherwise violate the legal rights (such as rights of privacy and publicity) of others," nor may they "[p]ublish, distribute or disseminate any inappropriate, profane, defamatory" material information.

57. Complaintsboard.com "reserves that right at all times to monitor, review, retain and/or disclose any information necessary to satisfy any applicable law, regulation, legal process or government request."

58. Complaintsboard.com stores and archives members' registration information, the contents of their posts, and messages sent in regard to posts.   *See* Complaintsboard.com Privacy Policy.

59. Complaintsboard.com may "disclose information about its users if required to do so by law or in the good faith belief that such disclosure is reasonably necessary" to respond to claims that a listing violates the rights of a third party or to respond to a legal process.

### Xenophilia

60. On 25 March 2009, Xenophilia posted a review entitled "Get Motivated Seminar, Colin Powell, Michael Phelps, others live @ Arco arena".

61. On 29 March 2010, Anne Waldon posted a comment alleging James Smith is engaged in an extramarital affair.

62. On 3 May 2010, a user called Giddy posted defamatory messages copied from the Complaintsboard site.

63. On 5 May 2010, a user called KNC asserted that James Smith is carrying on an extramarital affair with Kari Michaelson, and that Smith's wife would force him to fire Michaelson.

64. On 25 May 2010, a user called CindyS posted defamatory comments about James Smith regarding a non-existent extramarital relationship.

65. On 22 June 2010, a user called Candy alleged that James Smith is carrying on an extramarital affair with a Pastor Paula White.   Candy further alleged travel

itinerary information that would not be available to an individual without access to James Smith's cell phone.

66. On 24 June 2010, a user called CandyJS posted a comment stating that James Smith was benefiting from Pastor White's congregants' funds.

67. In August 2010, attorneys representing Plaintiffs contacted Defendants Artvoice, Complaintsboard, and Xenophilia, requesting that the defamatory comments be removed. In response, some of the defamatory and slanderous comments were removed by Defendants Artvoice, Complaintsboard, and Xenophilia.

68. Since that time, additional defamatory comments have been posted on Defendant Complaintsboard's website. Defendant Complaintsboard has not removed those comments.

### FIRST CAUSE OF ACTION
### Defamation and Libel

69. Plaintiffs re-allege paragraphs 1 through 68 as though fully contained herein.

70. Defendant Does 1 through 10 made false statements which impeach the honesty, integrity, and virtue of Plaintiff James Smith and his companies.

71. Defendant Does 1 through 10 named James Smith, an ascertainable person, in making the false and defamatory statements.

72. Defendant Does 1 through 10 lacked sufficient knowledge to make these defamatory statements or reasonable belief that the statements were true.

73. Defendant Does' false statements thereby exposed Plaintiffs to public hatred, contempt, and ridicule.

74. Defendant Does 1 through 10 intended to cause this kind of harm, and were reckless as to whether such harm would occur, and were aware that the actions posed substantial risk of causing this harm.  Defendant Does' actions entitle Plaintiffs to punitive damages.

75. Defendants Artvoice, Complaintsboard, and Xenophilia have published these slanderous and defamatory statements.

**SECOND CAUSE OF ACTION**
**Defendants Artvoice's, Complaintsboard's, and Xenophilia's Liabilities under §230 of the Communications Decency Act of 1996**

76. Plaintiffs re-allege paragraphs 1 through 75 as though fully contained herein.

77. As internet content providers or facilitators, Defendants Artvoice, Complaintsboard, and Xenophilia are not providers or users of an interactive computer service.

78. Defendants Artvoice, Complaintsboard, and Xenophilia developed and disseminated online posts containing defamatory and harmful information.

79. Defendants Artvoice, Complaintsboard, and Xenophilia failed to exercise their right—pursuant to their respective Terms of Use agreements—to remove or edit defamatory and otherwise offensive content.

80. Defendants Artvoice, Complaintsboard, and Xenophilia encouraged and facilitated defamation of Plaintiffs.

81. Defendants Artvoice, Complaintsboard, and Xenophilia lacked any reasonable belief the defamatory statements were true.

82. Defendants Artvoice, Complaintsboard, and Xenophilia failed to exercise reasonable care in disseminating defamatory statements.   Said failure entitles Plaintiffs to the remedies permitted under the statute.

### THIRD CAUSE OF ACTION
### Interference with Prospective Economic Advantage

83. Plaintiffs re-allege paragraphs 1 through 82 as though fully contained herein.

84. Defendants intentionally, fraudulently, maliciously and/or recklessly interfered with Plaintiffs' present and future economic relations.

85. Defendants interfered with Plaintiffs' economic relations by defamatory, untrue, and improper means.

86. Defendants' interference has caused substantial injury to Plaintiff Smith and to his companies.   Defendants' actions entitle Plaintiffs to punitive damages.

### FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

87. Plaintiffs re-allege paragraphs 1 through 86 as though fully contained herein.

88. Defendant Does 1 through 10 intentionally, fraudulently, maliciously and/or recklessly defamed the Plaintiffs.

89. Defendant Does 1 through 10 intended to inflict emotional distress on Plaintiff Smith.   They either knew or should have known that this outcome would result from their publication of false and defamatory statements.

90. The false and defamatory statements are outrageous and intolerable, and offensive to generally accepted standards of decency and morality.

91. Plaintiff suffered distress and injury due to Defendants' outrageous and intolerable behavior towards Plaintiff Smith.

**FIFTH CAUSE OF ACTION**
**Negligent Infliction of Emotional Distress**

92. Plaintiff re-alleges paragraphs 1 through 91 as though fully contained herein.

93. On their respective websites, Defendants Artvoice, Complaintsboard, and Xenophilia edited and indexed false and defamatory statements directed at Plaintiff Smith.

94. Defendants Artvoice, Complaintsboard, and Xenophilia either knew or should have known the statements violated Plaintiff's rights and inflicted emotional distress on Plaintiff Smith.

95. Defendants Artvoice, Complaintsboard, and Xenophilia failed to exercise reasonable care in editing, administering, and indexing the statements contained in their respective websites.

96. The refusal by Defendants Artvoice, Complaintsboard, and Xenophilia to remove the offensive statements is—particularly in light of their respective Terms of Use—outrageous and intolerable, offensive to normal standards of decency and morality.

97. Plaintiff Smith suffered distress and injury due to Defendants' outrageous and intolerable behavior.

### SIXTH CAUSE OF ACTION
### Invasion of Privacy

98. Plaintiff re-alleges paragraphs 1 through 97 as though fully contained herein.

99. Defendants publicly disclosed and disseminated statements, facts, and private personal information about Plaintiff Smith throughout the world, via the websites of Artvoice, Complaintsboard, and Xenophilia.

100. The facts—including information stolen from the private telephone of Plaintiff Smith—are all private.

101. The facts deal with alleged extramarital affairs and impugn Plaintiff Smith's character and morality.  They are highly offensive to an ordinary person of reasonable sensibilities.

102. Defendants' invaded Plaintiff's privacy, thereby injuring Plaintiff Smith, his business, and his reputation.  These intentional acts were done intentionally, fraudulently, maliciously by Does 1 through 10.  In the case of the websites it was done recklessly.

### SEVENTH CAUSE OF ACTION
### Violation of Utah's Unfair Competition Act

103. Plaintiffs re-allege paragraphs 1 through 102 as though fully contained herein.

104. At least one Defendant Doe has illegally obtained information from Plaintiff Smith's cell phone, and has willfully communicated this information without Plaintiff's authorization by posting the information on the websites of Defendants Artvoice, Complaintsboard, and Xenophilia.

105. Defendant Doe's actions constitute malicious cyber activity as defined by Utah Code Ann. § 13-5a-102(3)(c).

106. Defendant Doe's actions were intentional, unlawful, unfair, and fraudulent, entitling Plaintiffs to punitive damages.

107. Defendant Doe's actions have lead to a material diminution in the value of Plaintiffs' businesses and intellectual property and loss of reputation.

**EIGHTH CAUSE OF ACTION**
**Negligence/Negligence Per Se**

108. Plaintiffs re-allege paragraphs 1 through 107 as though fully contained herein.

109. Defendants Artvoice, Complaintsboard, and Xenophilia were notified that the information posted on their websites was defamatory and slanderous.

110. Upon receipt of notice, Defendants Artvoice, Complaintisboard, and Xenophilia had a duty to investigate the nature of the comments posted about Plaintiffs, to ensure that Plaintiffs were not further defamed, and to make sure that bloggers using their websites were complying with the terms of use.

111. Defendants Artvoice, Complaintsboard, and Xenophilia have not investigated the nature of the comments made about Plaintiffs, have left some of the comments remaining on their websites, have failed to timely remove said comments, have

      failed to remove/ban bloggers who used false registration information, have failed to prohibit bloggers from using their site for illegal means, and/or have allowed additional defamatory comments to be posted on their websites, all of which are breaches of their duties.

112. Plaintiffs have been injured as a result of the failure of Defendants Artvoice, Complaintisboard, and Xenophilia to comply with their duties.

113. Defendants violations of the statutes above is negligence per se.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby respectfully requests the following relief:

    a. Injunctive relief to stop and prohibit further illegal actions of the Defendants;

    b. Injunctive relief to force the Defendant companies to reveal the identity, contact information and IP addresses of Does 1 through 10 who made defamatory statements;

    c. Damages, including general, special, direct, indirect, consequential, etc. for the causes of action noted above in an amount to be proven at trial, but no less than $200,000.00;

    d. Punitive damages in an amount to be proven at trial;

    e. An award of reasonable costs and attorney's fees;

    f. Such other and further relief as this Court deems just and proper.

Plaintiffs request a jury decide this matter once all issues are joined.

DATED this 2nd day of December, 2010.

                                        s:/ David B. Stevenson
                                        David B. Stevenson
                                        Brad C. Smith
                                        Attorneys for Plaintiffs